CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 31 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ARVAY LAMONT ROBERTSON, ) | |
| Petitioner, ) | Civil Action No. 7:12-cv-00240 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| DANVILLE ADULT ) | |
| DETENTION CENTER, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Arvay Lamont Robertson, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutional validity of his sentence imposed by the Danville Circuit Court. The court finds that Robertson's claim is properly considered under 28 U.S.C. § 2254, rather than § 2241.[1] Therefore, the court will construe his petition as a petition for writ of habeas corpus under § 2254. The court further finds that Robertson has failed to exhaust his state court remedies before filing this federal habeas petition and, therefore, dismisses his § 2254 petition without prejudice as unexahusted.

I.

On March 9, 2012, the Danville Circuit Court convicted Robertson of possessing marijuana with the intent to distribute, in violation of Va. Code § 19.2-306, and sentenced him to 4 years, 4 months, and 10 days incarceration. Robertson states that he did not appeal to the Court of Appeals of Virginia or the Supreme Court of Virginia and did not file a habeas petition in any state court. In his instant petition, Robertson claims that his sentence is excessive. As

---

[1] The court recognizes that, where a state inmate is challenging the execution of his state court sentence, circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate should proceed. See Gregory v. Coleman, No. 06-6646, 2007 U.S. App. LEXIS 3729 (4th Cir. Feb. 20, 2007), noting circuit split and comparing White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004) ("adopt[ing] majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"), with Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). However, in this case, Robertson is challenging the constitutional validity of his conviction and sentence, not the execution of his sentence, and, therefore, he must proceed under § 2254.

relief, he asks this court to reduce his sentence and "give [him] one more chance to prove [him]self to society."[2]

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code § 8.01-654. In this case, it is clear that Robertson has yet to pursue his habeas claims in the Supreme Court of Virginia. Accordingly, the court finds that Robertson's petition is unexhausted.

## III.

Based on the foregoing, the court dismisses Robertson's habeas petition without prejudice as unexhausted.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER:** This 31st day of May, 2012.

United States District Judge

---

[2] The court notes that the conviction which Robertson currently attacks is Robertson's fourth conviction for possessing marijuana with the intent to distribute in the Danville Circuit Court.